UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERVIN JOSEPH LAMIE, JR.,

    Plaintiff,

v.

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

    Defendant.
_____/

Hon. Paul L. Maloney

Case No. 1:23-cv-976

## REPORT AND RECOMMENDATION

Plaintiff Ervin Joseph LaMie, Jr. paid the filing fee and initiated this action on September 14, 2023, by filing a complaint against Defendant Federal Home Loan Mortgage Corporation (Freddie Mac) concerning real property commonly known as 5494 Wilson Road, Fruitport, Michigan (Wilson Road Property). (ECF No. 1.) The Wilson Road Property had been owned by LaMie's father and was encumbered with a mortgage in favor of Fifth Third Mortgage – MI, LLC. After the mortgage loan went into default, Fifth Third Mortgage foreclosed. On January 8, 2010, Freddie Mac purchased the Wilson Road Property at a foreclosure sale. Freddie Mac eventually initiated a state-court summary eviction proceeding, which was removed to this Court, and thereafter obtained possession of this property. In his instant complaint, LaMie alleges that his due process rights were violated in the state-court eviction proceeding that was removed to this Court because the state court lacked jurisdiction, rendering the subsequent Writ of Restitution issued by this Court void. (*Id.* at PageID.10–11.)

Almost a decade ago, now-retired Magistrate Judge Joseph G. Scoville issued a lengthy report and recommendation in *Ervin Joseph LaMie, Jr. v. Paul Wright, et al.*, No. 1:12-cv-1299

(W.D. Mich. Mar. 14, 2014), summarizing LaMie's extensive litigation history against his family members and others involving properties that had been owned by his parents, including the Wilson Road Property. Judge Scoville recounted the litigation pertaining to the Wilson Road Property as follows:

> *LaMie v. Fifth Third Mortgage - MI, LLC, et al.* - Case No. 1:11-cv-156 (W.D. Mich. Neff, J.). This action was brought by plaintiff, through counsel, against Fifth Third Mortgage, Freddie Mac, and a law firm. The case arose from the foreclosure of the mortgage on the Wilson Road property by Fifth Third Mortgage. Freddie Mac purchased the property at foreclosure sale on January 8, 2010. On January 10, 2011, after the twelve-month redemption period expired, plaintiff brought suit against defendants in the Muskegon County Circuit Court seeking to set aside the foreclosure sale and sheriff's deed to Freddie Mac. Defendants removed the case to this court, where it was assigned to District Judge Janet T. Neff. Although the real property was titled to plaintiff's father, plaintiff alleged that he was the fee simple owner pursuant to a quit claim deed dated August 26, 2008 (before the foreclosure) but not recorded until April 5, 2010 (after the foreclosure sale). According to Judge Neff's final opinion (docket # 47), plaintiff's complaint sought relief on three grounds: breach of contract, defects in published notices, and lack of interest by Freddie Mac. (docket # 47 at 2). Judge Neff dismissed the complaint against Freddie Mac for failure to state a claim upon which relief can be granted on May 21, 2012. No appeal was taken.
>
> *Federal Home Loan Mortgage Corp. v. LaMie*, Case No. 1:11-cv-577 (W.D. Mich., Neff, J.). Freddie Mac initiated summary eviction proceedings in the 60th District Court for Muskegon County to obtain possession of the Wilson Road property. Plaintiff filed an answer and counterclaim, after which the matter was removed to this court, again assigned to Judge Neff. The counterclaim against Freddie Mac contained allegations similar to those asserted in the previous action: (1) a demand to set aside the sheriff's deed to Freddie Mac; (2) a claim that the foreclosure sale notice was defective; (3) a claim challenging Freddie Mac's title as fraudulent; (4) a quiet title action; and (5) a claim for mental distress arising from Freddie Mac's allegedly fraudulent conduct. (Answer, Affirmative Defenses, and Counterclaims, ID#s 16-28). After Judge Neff entered judgment in the previous case, Freddie Mac moved for summary judgment on the ground of res judicata. The matter was referred to Magistrate Judge Ellen Carmody, who conducted a hearing on the motion on November 27, 2012. (Plaintiff filed the present lawsuit on the same day as that hearing.) On January 15, 2013, Judge Carmody issued a report and recommendation finding that plaintiff's claims against Freddie Mac were barred by res judicata. (docket # 29). On February 27, 2013, District Judge Janet Neff issued an opinion and order adopting the report and recommendation, over plaintiff's objections. (docket # 36). Judgment was entered in favor of Freddie Mac and against plaintiff on February 27, 2013. On February 26, 2014, Judge Neff issued a Writ of Restitution extinguishing any possessory interest that plaintiff might have

> had in the Wilson Road property and directing the County Sheriff to restore possession to Freddie Mac.
>
> Plaintiff appealed to the Sixth Circuit Court of Appeals. (Case No. 13-1267). On November 13, 2013, the Court of Appeals issued a three-page order denying plaintiff leave to appeal in forma pauperis. The court recited the history of litigation concerning the Wilson Road property, finding that res judicata barred plaintiff's claims. The court determined that an appeal would not be taken in good faith. Plaintiff paid the filing fee, and the case is now pending on appeal.

Case No. 1:12-cv-1299, ECF No. 111 at PageID.1020–21.[1]

Judge Scoville recommended that the case be dismissed because the doctrine of *res judicata*, or claim preclusion, barred "virtually all" of LaMie's claims, *id.* at PageID.1022–27, and to the extent his claims were not barred, they failed to state a claim. *Id.* at PageID.1031–41.) In addition, he recommended that the Court impose sanctions against LaMie by restricting his privilege of proceeding *in forma pauperis* "with regard to future lawsuits (or appeals) involving one or more of the parties to this case or involving the Taft Road or Wilson Road properties." *Id.* at PageID.1044. Judge Scoville predicted that such sanction would "put to rest plaintiff's repetitive claims against Freddie Mac regarding real estate that was sold years ago after foreclosure." *Id.* This Court adopted all aspects of Judge Scoville's report and recommendation, including the recommended sanction, over LaMie's objections in an order entered on April 29, 2014. *Id.*, ECF No. 120.

The limited revocation of LaMie's *in forma pauperis* privilege appears to have worked well to accomplish its intended purpose until LaMie skirted the sanction by paying the filing fee and filing the instant action. Nonetheless, the Court may still preclude LaMie from proceeding with this action by dismissing it for lack of subject matter jurisdiction. Although LaMie paid the filing fee when he filed his complaint, this Court is authorized to dismiss an action *sua sponte* "for

---

[1] The Sixth Circuit affirmed the judgment in Case No. 1:11-cv-577 in an unpublished order entered on June 26, 2014.

3

lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). Here, the complaint is subject to dismissal because it is no longer open to discussion.

Claim and issue preclusion are separate prongs of the affirmative defense commonly known as *res judicata* and normally must be raised by the defendant. However, the Supreme Court has held that a district court may raise the defense *sua sponte* in "special circumstances," including where "a court is on notice that it has previously decided the issue presented." *Arizona v. California*, 530 U.S. 392, 412 (2000); *see also Holloway Constr. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (holding that a district court may raise *res judicata* based on its own prior judgment *sua sponte*). Given that this Court has previously addressed the preclusive effect of the prior federal litigation involving the Wilson Road Property, it is appropriate to *sua sponte* raise the issue here.

The doctrine of claim preclusion provides that, if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 467 n.6 (1982); *Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The Court's conclusion in Case No. 1:12-

4

cv-1299 that LaMie's claims were barred by *res judicata*, or claim preclusion, based on the prior federal court litigation regarding the Wilson Road Property clearly applies to this action. LaMie is suing Freddie Mac regarding the Wilson Road Property, arguing that the entire eviction proceeding, including that Writ of Restitution that Judge Neff entered in that case, is void. This action thus fits comfortably within the prior *res judicata* determination. Therefore, I recommend that the Court dismiss this action for lack of subject matter jurisdiction because the issues and claims it raises are "no longer open to discussion." *Apple*, 183 F.3d at 479; *see also Brammell v. Whipple*, No. 0:09-22, 2009 WL 649164, at *1 (E.D. Ky. Mar. 10, 2009) (dismissing the plaintiff's petition pursuant to *Apple* because the claim had been "fully and finally litigated," and was "no longer open to discussion").

As a final matter, I recommend that the Court expand the prior sanction against LaMie because his pattern of filing duplicative and vexatious litigation continues, unnecessarily taxing this Court's limited resources. *See* Case No. 1:12-cv-1299, ECF No. 111 at PageID.1042 ("Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."). As one court has noted under similar circumstances involving a frequent pro se filer, "one restriction is to bar . . . pro se litigants from filing further pro se actions without a certification from the Court or an attorney that the claims asserted are not frivolous and that the suit is not brought for any improper purpose." *Rolle v. Litkovitz*, No. 1:21-cv-552, 2021 WL 4169022, at *6 (S.D. Ohio Sept. 14, 2021), *report and recommendation adopted*, 2021 WL 4947125 (S.D. Ohio Oct. 25, 2021) (citing *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1992); *Sawchyn v. Parma Mun. Court*, 1997 WL 321112, at *1 (6th Cir. June 11, 1997); and *May v. Guckenberger*, No. C-1-00-794, 2001 WL 1842462, *6

5

(S.D. Ohio 2001)). In *Wright v. National Security Agency*, No. 16-2149, 2016 WL 3647698 (W.D. Tenn. July 1, 2016), the court imposed this type of pre-filing restriction against a pro se plaintiff who had avoided a previous *in forma pauperis* restriction by paying the filing fee. The court required that before filing any future action, the plaintiff must file a motion, accompanied by his proposed complaint, seeking certification by a magistrate judge that the claims asserted were not frivolous and that the suit was not brought for an improper purpose. The court further directed that the clerk would docket the motion and proposed complaint as a new case but would not issue process until a magistrate judge issued the required certification and directed that process be issued. *Id.* at *3. I recommend that the Court impose a similar pre-filing restriction here, but also require LaMie to attach a copy of the April 29, 2014 Order in Case No. 1:12-cv-129 (ECF No. 120) to his motion, to prevent LaMie from continuing to file actions that are no longer open to discussion in this Court.

## Conclusion

For the foregoing reasons, I recommend that the Court dismiss this action for lack of subject matter jurisdiction because LaMie's claims are barred by *res judicata* and thus are "no longer open to discussion." *Apple*, 183 F.3d at 479. I further recommend that the Court impose a pre-filing restriction as set forth above.

Date:  September 22, 2023                           /s/ Sally J. Berens  
                                                                          SALLY J. BERENS  
                                                                          U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).