UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERVIN JOSEPH LAMIE, JR.,<br>  Plaintiff,<br><br>-v-<br><br>FEDERAL HOME LOAN MORTGAGE<br>CORPORATION,<br>  Defendant. | No. 1:23-cv-976<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING AND MODIFYING THE REPORT AND RECOMMENDATION

This lawsuit arises from allegedly deficient service of process in a summary eviction proceeding. Plaintiff LaMie, Jr. contends the deficient service of process means that the state district court never had jurisdiction and all subsequent orders entered in the lawsuit are void. Plaintiff concludes that his due process rights were violated and he seeks an order returning the real property, specifically 5494 Wilson Road in Fruitport, Michigan. Plaintiff filed this lawsuit without the assistance of counsel.

The Magistrate Judge reviewed the complaint and issued a report recommending that the court dismiss the lawsuit because it is devoid of merit and frivolous (ECF No. 6). Plaintiff filed objections. The Court will adopt the report and recommendation. The Court will also modify the report and recommendation to explain the difference between personal jurisdiction and subject matter jurisdiction and also to explain why the distinction makes a difference in this lawsuit.

I.

A.

Plaintiff is no stranger to this Court. He has filed several lawsuits over the years concerning foreclosure proceedings that were initiated in 2010. His complaint here is not a model of clarity. The motion for summary judgment he also filed provides some additional information. The allegedly improper service on Joseph LaMie, Sr., which serves as the lynchpin for the theory Plaintiff advances in this lawsuit, occurred in January 2011 (ECF No. 2 PageID.24 and PageID.25). The summons is addressed to "Ervin Joseph Lamie, aka Ervin Joseph Lamie Sr. And all other occupants" (ECF No. 2-4 PageID.42). Attached to the motion for summary judgment are a number of orders issued by the United States District Court for the Western District of Michigan in *Federal Home Loan Mortgage Corporation v. LaMie,* No. 1:11cv577 (W.D. Mich) ("Eviction Proceeding"). It appears from the Notice of Removal used to open the federal lawsuit that the allegedly deficient service of process occurred in a summary eviction proceeding that Defendant here commenced in the 60th District Court in Muskegon County, Michigan (1:11cv577 ECF No. 1 PageID.6).

The Magistrate Judge reviewed the complaint and issued a report recommending that the Court dismiss the lawsuit on the basis of claim preclusion (*res judicata*).

B.

For context, the Court provides the following litigation history. About the same time the summary eviction proceeding commenced, Plaintiff filed a petition to set aside the sheriff's sale in the 14th Circuit Court in Muskegon County. Plaintiff pled that he was the successor in interest to the same disputed property in Fruitport. He referenced and attached

a quit claim from his parents, who resided in Nunica, Michigan, to Plaintiff, who resided at the property in Fruitport. The defendants in that lawsuit removed the action to federal district court. *See LaMie v. Fifth Third Mortgage*, No. 1:11cv156 (W.D. Mich) ("Foreclosure Action"). In May 2012, Judge Janet Neff granted a motion to dismiss filed by Federal Home Loan Mortgage Corporation (1:11cv156 ECF No. 47). Judge Neff concluded that Plaintiff failed to establish that the foreclosure was invalid or that the sheriff's deed should be set aside.

Seven months later, in the Eviction Proceeding lawsuit, the Magistrate Judge issued a report (1:11cv577 ECF No. 29) recommending that the district court find that the lawsuit was barred by *res judicata* based on the opinion issued in Foreclosure Action lawsuit. Relevant to this lawsuit, the report and recommendation states that "Lamie, Jr. appeared at the initial hearing [in the summary eviction proceedings] and contested the lawsuit" (*id.* PageID.308). Plaintiff filed an objection but did not specifically address the factual conclusion that he had appeared at the initial hearing (1:11cv577 ECF No. 49). On January 27, 2013, Judge Neff adopted the report and recommendation and entered an amended judgment (1:11cv577 ECF No. 56 and No. 58). Following a motion for eviction, a report and recommendation and objection, on January 14, 2014, Judge Neff granted the motion for eviction (1:11cv577 ECF No. 56).

Plaintiff next filed a motion to set aside the judgment (1:11cv577 ECF No. 62). Plaintiff argued that the Michigan Court Rules prohibit entry of default or default judgment against an incompetent individual and asserted that at the time judgment entered, LaMie, Sr. was incompetent. In an affidavit accompanying the motion, Plaintiff stated that LaMie, Sr.

did not live at the house at 5494 Wilson Road at the time when court officers tried to serve the summons and complaint for the summary eviction proceeding (1:11cv577 ECF No. 62-2 PageID.435). At that time, LaMie, Sr. lived in Twin Lake, Michigan, not in Fruitport, Michigan (*id.*). Federal Home Loan Mortgage Corporation filed a response (1:11cv577 ECF No. 66).

> Denying the motion, Judge Neff carefully explained the unusual nature of the request.
>
> The request to set aside the default and default judgment in this case is far outside the norm. First, the separate cases contesting the underlying foreclosure and eviction have been thoroughly litigated before this Court, and beyond, to the Court of Appeals. Second, Lamie seeks to set aside the default judgment, not against himself, but as to his father, Lamie, Sr./his estate. Having fully considered the bases for Lamie's motion, and the circumstances for which it is presented, the Court finds Lamie's action to set aside the default and default judgment cannot be sustained.

(1:11cv577 ECF No. 69 PageID.628). Important to this case, Judge Neff held that Plaintiff had no standing to bring the motion on behalf of LaMie, Sr. or his estate (*id.*). Undeterred, Plaintiff filed several more motions, all of which were denied.[1]

While the two lawsuits were pending before Judge Neff, in November 2012, Plaintiff filed a lawsuit in this court against eight defendants including Fifth Third Bank and the Federal Home Loan Mortgage Corporation. *LaMie v. Wright*, No. 1:12cv1299 (W.D. Mich) (. In March 2014, the Magistrate Judge issued a lengthy report and recommendation addressing multiple dispositive and nondispositive motions. The R&R begins as follows:

---

[1] On April 22, 2022, Judge Neff issued an order rejecting a document titled "EX PARTE' MOTION vacate VOID JUDGMENT AND ORDERS AND RESTORE DEFENDANTS/COUNTERPLAINTFFS" (ECF No. 1:11cv577 PageID.82-1). In that document, Plaintiff raises the exact same claim and theory that he relies on in this lawsuit, that service of process in the summary eviction proceeding was deficient which renders all subsequent orders and the judgment void.

> This is one of a seemingly never-ending series of lawsuits brought Ervin Joseph LaMie, Jr. against family members and others involving real estate owned by his parents, Ervin Joseph LaMie, Sr. and Muriel LaMie. Plaintiff has lost at least two state-court and three federal lawsuits, all of which involved plaintiff's claim of interest in real estate located on Taft Road in Nunica, Michigan, or Wilson Road in Fruitport, Michigan. Judges of this Court have entered final judgments against plaintiff in three previous cases.

(1:12cv1299 ECF No. 111 PageID.1008). The Magistrate Judge found that *res judicata* barred Plaintiff from relitigating his claims against Federal Home Loan Mortgage Company related to the disputed property in Fruitport (*id.* PageID.1024-27). The Court adopted the report and recommendation (1:12cv1299 ECF No. 120).

## II.

Turning back to this lawsuit, after being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). The Court has carefully reviewed Plaintiff's objections.

### A. Claim Preclusion

Plaintiff makes several assertions that service of process and jurisdiction were not previously raised or litigated. The Court overrules Plaintiff's objection. The Magistrate Judge explained why the Court has the authority to raise claim preclusion at this stage in the proceeding and Plaintiff offers no argument or legal authority to the contrary. Claim preclusion prevents parties from rearguing matters that were raised in the earlier lawsuit and

5

also "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 140 S. Ct. 1589, 1594 (2020).

Based on the conclusion that claim preclusion applies, Plaintiff cannot now raise the claims advanced in this lawsuit to challenge the outcome of the prior lawsuit. Two specific matters that were previously litigated undermine Plaintiff's ability to maintain this lawsuit.

1. Plaintiff lacks standing to raise claims on behalf of LaMie, Sr. This issue was previously litigated and resolved against Plaintiff in the Eviction Proceeding lawsuit. Judge Neff found that "there is no evidence that Lamie has standing to bring this motion on behalf of Lamie Sr.'s Estate" (1:11cv577 ECF No. 69 PageID.628). Judge Neff's holding applies not just to Plaintiff's attempt to litigate the incompetence claim but to all claims that LaMie, Sr. might have raised in the prior lawsuit. Accordingly, Plaintiff does not have standing to litigate the claim that LaMie, Sr. was not properly served in the Eviction Proceeding lawsuit.

2. Plaintiff previously alleged, and supported with evidence, that LaMie, Sr. had no interest whatsoever in the Fruitport property at the time the summary eviction proceedings began. Plaintiff submitted the quit claim deed that purportedly transferred LaMie, Sr.'s interest to Plaintiff. Plaintiff reasserts that same fact in his objection here(PageID.110 "The real property was in the mane of the plaintiff at the time the judgment was entered."). And, in the Eviction Proceeding lawsuit, Plaintiff submitted an affidavit stating that LaMie, Sr. did not reside at the Fruitport property, meaning that LaMie, Sr. did have any possessory interest at the time the Eviction Proceeding began. Because Plaintiff established in the prior lawsuits that LaMie, Sr. had no interest at all in the Fruitport property, Plaintiff cannot now complain

that LaMie, Sr. was not properly served as a basis for challenging the eviction proceeding. According to Plaintiff's own allegations and evidence presented in the earlier lawsuits, LaMie, Sr. was not a necessary party and the alleged failure to properly serve LaMie, Sr. cannot provide any basis whatsoever for rendering the judgment of eviction void.

### B. Personal Jurisdiction

The Court makes one other conclusion not found in the Report and Recommendation. Plaintiff confuses personal jurisdiction and subject matter jurisdiction. Judgments rendered without personal jurisdiction or without subject matter jurisdiction are void. *See Manohar v. Massillon Cnty. Hosp.*, 208 F.3d 214 (6th Cir. 2000) (unpublished table opinion). Parties cannot waive or forfeit deficiencies with subject matter jurisdiction. *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 310 (6th Cir. 2018). Deficiencies with personal jurisdiction, however, can be waived by a defendant. *Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 648 (6th Cir. 2016). A defendant waives a challenge to deficiencies in personal jurisdiction by voluntarily participating in a lawsuit. *See id.*

Plaintiff waived his own challenges to deficiencies in personal jurisdiction by seeking to intervene and then participating in the Eviction Proceeding lawsuit. The summons was addressed to all occupants of the Fruitport property. To the extent Plaintiff might have a basis for his own challenge to the service of process (he was apparently an occupant), voluntarily submitted to the jurisdiction of the Court by making an appearance. *See Rauch v. Day & Night Mfg. Corp.*, 576 U.S. 697, 700 (1978). He cannot now argue that the lack of personal jurisdiction renders the judgment in the Eviction Proceeding void, at least as to any possessory interest Plaintiff might have in the property.

7

### C. Sanctions

This Court has twice issued sanctions against Plaintiff for filing meritless lawsuits. *See LaMie v. Smith*, No. 1:12cv201 (W.D. Mich.) (ECF No. 161 March 5, 2013); *LaMie v. Federal Home Loan Mortgage Corp.*, No. 1:12cv1299 (W.D. Mich.) (ECF No. 120 April 29, 2014). In the latter lawsuit, this Court prohibited Plaintiff from proceeding *in forma pauperis* in the federal courts with regard to any lawsuit involving one or more of the parties to that case or involving the Taft Road or the Wilson Road properties. This lawsuit involves one of the parties and one of the properties. Plaintiff avoided the sanction by paying the filing fees. The Magistrate Judge recommends expanding the sanctions. Plaintiff did not specifically object to this recommendation.

The Court agrees with the recommendation. Accordingly, the existing sanction shall remain in place. The expanded sanction is set forth below.

### III.

Plaintiff's claim in this lawsuit must be dismissed under the principle of claim preclusion. In prior lawsuits, the courts determined that Plaintiff lacked standing to raise a claim on behalf of his father, LaMie, Sr., against this Defendant. And, in the prior lawsuits, Plaintiff submitted evidence establishing that LaMie, Sr. had no interest at all in the Wilson Road property. Plaintiff voluntarily appeared in the Eviction Proceeding lawsuit, which functioned as a waive of any challenge Plaintiff might have to service of process and personal jurisdiction. As a result, Plaintiff cannot now argue that improper service on LaMie, Sr. somehow renders the judgment in the Eviction Proceeding void.

## ORDER

For the reasons provided in the accompanying Opinion, the Court **ADOPTS AND MODIFIES** the Report and Recommendation (ECF No. 6). Consistent with the report and recommendation, the Court imposes the following sanction on Ervin Joseph LaMie, Jr.:

Effective the date of this Order, if Plaintiff files any lawsuit in the United States District Court for the Western District of Michigan, he must submit the proposed complaint and a motion seeking certification by a magistrate judge that the claims asserted are not frivolous and that the suit is not brought for an improper purpose. Plaintiff must attach to the motion a copy of the April 29, 2014, Order in case number 1:23cv129, docket number 120. Plaintiff must also attach a copy of this Order to the motion. The Clerk will then process the proposed complaint and motion as a new case but will not issue any process until a magistrate judge issues the required certification and directs that process be issued.

**IT IS SO ORDERED.**

Date:   October 30, 2023                                       /s/  Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              United States District Judge